Stanley Jones
P. O. Box 65
Otto, WY 82434
307-762-3271

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 OCT 9 PM 12 12

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Case No. 13-CR-126-J |
| ) | |
| Stanley Jones, ) | |
| ) | |
| Defendant ) | |

MOTION FOR MISTRIAL

COMES NOW, Stanley Jones in his personal capacity to motion this Honorable Court for a Mistrial, whereas, there were violations of the rules given to the jury in this case as well as improper rules given to the jury.

1. One of the jurors spoke to the defendant. This is a violation in this case of Jury Instruction No. 7, 5th point which states: "Fifth, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you

talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either."

2. There was a personal computer or laptop computer taken into the jury room during jury deliberations. The computer or laptop was provided to the Clerk of Court by the US Attorney or her assistant. This is a violation of Jury Instruction #8 in this case which states, "During trial and during your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, internet search engine, any text or instant messaging service, any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict."

Computers were not to be used in the deliberation room. If they needed to go over something, it should have been brought back out into open court so all parties involved could see or hear what the Jury wanted to review. This is only fair and just.

3. Jury Instruction No. 1 states, "You must follow that law whether you agree with it or not." Free juries have the right and obligation to judge both the law and the facts. The law is on trial as well as the defendant. The Jury has the right and obligation to rule any way they choose. The Jury was not informed that they have the power to nullify the law. *"The Jury has an unreviewable and unreversable power…to acquit in disregard of the instructions on*

*the law given by a trial judge...*"*U.S. vs Dougherty. 473 F 2nd 1113, 1139 (1972)*. Although the jury selection was by a computer process, the Venire of Juries must represent a fair cross-section of the community. Where there were no farmers or ranchers selected for jury duty in this pool, the selection process clearly shows that this distinctive group in the community was excluded, and that the representation of this group in venires is unreasonable and unfair in regards to the numbers of people belonging to this group, and that the under-representation is caused by systematic exclusion in the selection process. *Taylor v. Louisiana, 419 U.S. 522*. Where the prosecution waived all peremptory challenges, this gives evidence that the prosecution was aware that no one on the jury would be sympathetic to the defense.

4. Under the Sixth Amendment to the Constitution of the United States a defendant has the right to call witnesses in his favor. The only restriction of this is if the defense calls a witness without notifying the prosecution of the identity of a witness to gain a tactical advantage. Otherwise I should have been able to call anyone I deemed necessary to provide a defense. I was not allowed to call the Sheriff, the Brand Inspector or others in this case which violated my rights under the Constitution.

5. The Defendant did ask that a trial be held in Big Horn County when in Magistrate Court. Federal rules and local rules of criminal procedure both state that court should be held in an area that is convenient to the Defendant, parties involved and witnesses, and in the interest of Justice. In the interest of Justice, a Defendant should be tried by a Jury of his Peers. There was much discussion by our forefathers on this issue. Many of the State Constitutions had that exact wording in those documents. They recognized the importance of a jury selected

from neighbors of the defendant. These jurors would be able to judge the character of the person charged with the crime as well as judge the credibility of the witness. In *Beavers v Henkel*, 194 U.S. 73 (1904), the Supreme court ruled that the place where the offense is charged to have to occurred determines a trial's location.

Therefore, the Defendant, Stanley Jones, respectfully asks the Court to declare a Mistrial in this instance and set a date and place for a new trial in Basin, Big Horn County, Wyoming and select a jury from a jury pool located in this part of the State.

Respectfully submitted,

_____
Stanley Jones
Defendant

Dated this 7th Day of October, 2013

Honorable Judge Alan B. Johnson
2120 Capitol Avenue
2nd Floor Room 2131
Cheyenne, WY 82001

U. S. Assistant Attorney
Kerry J. Jacobson
PO Box 449
Lander, WY 82520-0449

Clerk of the Court
United States District Court for the District of Wyoming
2120 Capitol Avenue
2nd Floor Room 2131
Cheyenne, WY 82001

CERTIFICATE OF SERVICE

I, Stanley Jones on October 7, 2013 certify that I placed in a United States Postal Service depository a sealed envelope with Motion for Mistrial addressed to:

Honorable Judge Alan B. Johnson
2120 Capitol Avenue
2nd Floor Room 2131
Cheyenne, WY 82001

U. S. Assistant Attorney
Kerry J. Jacobson
P. O. Box 449
Lander, WY 82520-0449

Clerk of the Court
United States District Court for the District of Wyoming
2120 Capitol Avenue
2nd Floor Room 2131
Cheyenne, WY 82001

_____
Stanley Jones

From: Stanley Jones
P.O. Box 65
Otto, WY 82434

ReadyPost

FIRST CLASS

OCT USPS
OCT -7 2013
USPS

To: Clerk of the Court
United States District Court For the District of Wyoming
2120 Capitol Avenue
2nd Floor Room 2131
Cheyenne, WY 82001


