Kerry J. Jacobson
Assistant United States Attorney
District of Wyoming
P.O. Box 449
Lander, WY 82520
(307) 332-8195
(307) 332- 7104 Facsimile

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13-CR-126-J |
| v. | ) | |
| | ) | |
| STANLEY JONES, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR MISTRIAL

**COMES NOW** the United States of America, by and through its attorney, Kerry J. Jacobson, Assistant United States Attorney for the District of Wyoming, and responds as follows to the Defendant's motion for a mistrial.

The Defendant's motion lists five reasons the court should declare a mistrial in this case. However, because the trial of this matter is concluded and a verdict has been entered, this motion should be treated instead as a Motion for a New Trial under Rule 33, Fed. R. Crim. P.

Rule 33 provides:

(a) **Defendant's Motion.** Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

(b) **Time to File.**

(1) **Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

(2) **Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33. "A motion for a new trial is not regarded with favor and is only issued with great caution." *United States v. Herrera,* 481 F.3d 1266, 1269-70 (10th Cir. 2007) (*citing United States v. Trujillo,* 136 F.3d 1388, 1394 (10th Cir. 1998). Ordinarily, a district court's denial of a motion for a new trial is reviewed for abuse of discretion. *See United States v. Herrera,* 481 F.3d at 1270 (*citing Quintanilla,* 193 F.3d 1139, 1146 (10th Cir. 1999). The Court should exercise great caution in granting new trials. *United States v. Allen,* 554 F.2d 398 (10th Cir. 1977). The defendant bears the burden of proving the necessity of a new trial. *United States v. Sasso,* 59 F.3d 341, 350 (2nd Cir. 1995); *United States v. Davis,* 15 F.3d 526, 531 (6th Cir. 1994); *United States v. Ruedlinger,* 976 F.Supp. 976, 979 (D. Kan. 1969). The defendant has failed to meet his burden.

Here, the guilty verdict was entered on September 19, 2013.  The Defendant's motion does not contain any allegations of newly discovered evidence, therefore, Rule 33(b)(2) controls, provided the Defendant filed his motion within 14 days of the verdict.  The Defendant's motion was signed on October 7, 2013, approximately 18 days after the verdict was entered and it was not filed with the court until October 9, 2013--20 days after the entry of the verdict.  Therefore, the Defendant's motion should be dismissed as untimely.

Yet, even if the court were to entertain the Defendant's motion, the Defendant has provided no basis for a new trial. Specifically:

1. The Defendant alleges that a juror spoke to him.  He does not elaborate any further, but claims this was a violation of the court's instruction to the jury not to speak with the parties.  Without any further information as to the substance of the conversation, the government is left wondering why the Defendant did not report this contact to the court immediately if he felt it was inappropriate.  This is simply a conclusory statement with no supporting evidence of inpropriety.

2. The Defendant states the jury was given access to a computer during deliberations which was a violation of the court's instruction that the jury was not to have access to any electronic devices in order to communicate "information to others about the case, or to conduct any research" about the case during deliberations.

   The government is aware that during deliberations, the jury asked to review an audio recording of a statement made by the Defendant during the investigation of this case.  The clerk of court brought a computer into the jury room, played the recording for the jury, and then removed the computer from the deliberation room.  At no time was the jury allowed to access the computer for themselves, the computer was not left

with the jury, nor was the internet accessible on this computer while in the jury room.

3.   In his third allegation, the Defendant makes several claims.  He first states the jury should have been informed they had the power to "nullify the law."  Second, he states that there were no farmers or ranchers selected for jury duty.  These two beliefs combined with the fact that the government chose not to exercise any peremptory challenges during jury selection, allows the Defendant to speculate that the government was aware that no one on the jury would be sympathetic to the defense.

This, of course, is wrong on several fronts.  As to the nullification issue, the Tenth Circuit in *United States v. Sealander,* 1996 WL 408368, *23 (10th Cir. 1996), noted that "neither a judge nor a party can encourage a jury to disregard the law."  *Citing, United States v. Trujillo,* 714 F.2d 102, 106 (11th Cir. 1983) ("While we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath.").  Secondly, farmers and ranchers are not a protected class of citizens that should be afforded any special rights as far as jury selection.  Yet even if they were, farmers and ranchers were not systematically excluded from the jury panel.  The jury panel was randomly drawn according the District of Wyoming's Jury Plan. There was nothing inappropriate in the manner in which the jury was chosen and empaneled.

4.   The Defendant claims in his fourth allegation that he was prevented from calling witnesses on his behalf at trial.  The Defendant did list several witnesses he wished to call in his defense.  One was a Wyoming brand inspector, Jeff McManus, who did in fact testify, although the judge cautioned the Defendant not to delve into questions regarding state law.  Two other witnesses, Clifford Winters and Big Horn County

Sheriff Blackburn were excluded due to their proposed testimony being found to be not relevant.  The Defendant was told that Wallace Tollman, the husband of one of the government's witnesses, could possibly testify via telephone, or perhaps a stipulation could be reached as to his testimony.  However, the Defendant was instructed if he wanted to do this he would need to to work it out with the government.  The Defendant did not approach the government regarding this witness to work anything out.  As for any other witness, the Defendant was free to obtain a subpoena for any witness he wished to appear at trial.  He did not do so.  The Defendant's constitutional rights were not violated in any manner.

5. The Defendant's last claim in support of his motion is that his trial should have been held in Big Horn County because his peers, i.e., "his neighbors" would be able to better judge his "character" and "the credibility of the witnesses."  (Deft. Mot. at 3-4).  While the Defendant claims that he asked the Magistrate judge, orally, to hold his trial in Big Horn County he was also told he needed to file a motion to that effect and he failed to do so.  Therefore, having failed to raise this claim before the district court the Defendant  waived such claim.

Further, the defendant's venue right was accounted for.   Article III, § 2, cl. 3, of the Constitution instructs that "Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed;" the Sixth Amendment calls for trial "by an impartial jury of the State and district wherein the crime shall have been committed."  Rule 18, Fed. R. Crim. P. provides that "prosecution shall be had in a district in which the offense was committed," and echoes the constitutional commands.  The state and district for the proper venue determination is the District of

Wyoming.  The Defendant is not entitled to pick a location within Wyoming where his trial will be held, nor did he make the proper request to hold his trial in Big Horn County.  The venue requirement was that the trial should be held in Wyoming, and beyond that requirement, it is at the discretion of the court and the judge assignment as to which city the trial should be held.  *Cf. United States v. Anderson,* 328 U.S. 699, 705 (1946). Venue provides the Defendant with no grounds to ask for a new trial.

Respectfully Submitted this 22nd day of October, 2013.

CHRISTOPHER A. CROFTS
United States Attorney


By:     _/s/ Kerry J. Jacobson_____
KERRY J. JACOBSON
Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the Defendant by placing a copy in the United States Mail, postage prepaid, on the 22nd day of October, 2013, addressed to:

Mr. Stanley Jones
135 Main Street
Otto, Wyoming 82434

_/s/ Kerry J. Jacobson_____
For the United States Attorney's Office