FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2013 NOV 20  AM 11 13
STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-CR-126-J |
| | ) | |
| STANLEY JONES, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION FOR MISTRIAL

The motion for mistrial filed by defendant Jones and the government's response in opposition to the motion have come before the Court. Having reviewed the parties' submissions and being fully advised, the Court finds the motion for mistrial should be DENIED.

Defendant asserts several events occurred which would justify granting his motion for a mistrial. He asserts that a juror spoke to him, contrary to the instructions given by the Court at the beginning of the case. He asserts there was a personal computer or a laptop computer taken into the jury room during deliberations, also claimed to be a violation of the Court's instructions. He has also asserted that the jury was not informed that they have "the power to nullify the law." He complains that the jury selected was not sympathetic to the

1

defense.  He argues he has the right to call witnesses, and was precluded from calling the Sheriff, the brand inspector or others.  He also complains that he asked for the trial to be held in Big Horn County so that the jury could be composed of his neighbors.

The government responds that this should more appropriately be considered to be a motion for a new trial, pursuant to Fed. R. Crim. P. 33.  The defendant has failed to satisfy his burden of proving the necessity of a new trial.  He does not allege newly discovered evidence, and therefore, Rule 33(b)(2) controls, requiring the motion to be filed within 14 days of the verdict.  The motion was signed by the defendant 18 days after the verdict and filed 20 days after entry of the verdict on October 9, 2013.

The government notes that the defendant did not indicate what the juror said to him and also that he failed to report this to the Court.  The jury was permitted to have access to the computer to review an audio recording of a statement made by the defendant during the investigation of his case. Pursuant to the Court's instructions, the computer was provided by the Clerk of Court; the courtroom deputy played the audio recording for the jury and then took it from the jury room.  The government argues the defendant's arguments regarding jury nullification are without merit.  The jury panel was randomly drawn for the District of Wyoming's jury panel and nothing inappropriate

2

occurred with respect to the manner in which the jury was chosen and empaneled. As to the assertions that the defendant was prevented from calling witnesses in his behalf, the defendant did list witnesses, including the Wyoming brand inspector who did testify at trial. The Court reminded the defendant he could not inquire into matters regarding state law during his questioning of the brand inspector. Two other witnesses, Clifford Winters and Big Horn County Sheriff Blackburn were excluded because their proposed testimony was not relevant. Jones was told that the husband of one of the government's witnesses, Wallace Tollman, could possibly testify by telephone or a stipulation could be reached as to his testimony. The defendant was told by the Court that he would need to work this out with the government; he did not do so. He could also have obtained a subpoena for any witness at trial and did not do so. As to the argument that the defendant's trial should have been held in Big Horn County because his peers could better judge his character and the reliability of the witnesses, the defendant never filed a motion seeking to have the trial in Big Horn County, after being told by the Magistrate Judge that he should do so. Venue was also proper when the trial was held in the District of Wyoming. A defendant is not entitled to have the trial conducted at a location of his choice. It is a matter of discretion for the judge hearing the case to determine if a trial should be conducted in some other location.

3

The Court agrees with the government and finds it has presented the more persuasive arguments.  This motions is more properly considered as one for a new trial, which is governed by Fed. R. Crim. P. 33.  The Rule provides:

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> (b) Time to File.
>
>> (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>>
>> (2) Other Grounds. Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

the defendant has not yet been sentenced in this case.  A verdict finding him guilty of the offenses charged on September 19,. 2013.  The "motion for mistrial" dated and mailed by the pro se defendant on October 7, 2013; the motion was filed October 9, 2013.  The October 7 date was more than 14 days after the verdict finding him guilty on September 19, 2013.  The fourteenth day after the verdict was October 3, 2013.  The defendant's motion does not make claims that newly discovered evidence has been discovered.  His motion is

brought on grounds other than newly discovered evidence. As such, the 14 day time frame for filing a post-conviction has expired. The motion is not timely. This alone provides a basis for denial of the motion. However, the Court will address the defendant's assertions as he has presented nothing that would cause it to conclude that a new trial should be granted; nothing supports his claim for a mistrial.

For example, defendant has failed to say what the allegedly errant juror said to him. Perhaps it was just a greeting in the elevator, a "hello" or "excuse me" in the hall -- it is left to the imagination to determine what conduct was not appropriate. Furthermore, defendant failed to advise the Court of the events he claims occurred that involved communications by a juror. The defendant must do so at his first opportunity and he did not. See e.g., *United States v. Rivas,* ____ Fed. Appx. ---, 2013 WL 2933332 (10th Cir. 2013) (discusses mistrial and applicable standards). This claim of impropriety does not support a finding in favor of the defendant here.

His complaints about the use of a computer by the jury during deliberations are without merit. The Court allowed the jury to be provided the use of a computer to play an audio recording admitted in evidence. The computer was provided by the Clerk of Court pursuant to the Court's instructions. Use of the computer was attended by the courtroom deputy at all

5

times; access to the internet or any other use of the computer was unavailable to the jury. As soon as review of the recording was completed, the computer was removed from the jury room. This activity was entirely proper and was supervised closely. This complaint does not provide a basis for granting the instant motion.

The defendant's claim that he was not allowed to call witnesses is without merit. The government correctly represents that defendant listed witnesses he wanted to call, that he did in fact question the brand inspector during trial, and that the two other witnesses were not permitted to testify because their proposed testimony was not relevant. Defendant took no steps to subpoena witnesses and he failed to even attempt to work out arrangements with the government concerning witnesses that might be called during trial. This does not provide a basis for granting the defendant's motion.

Defendant was properly tried in Cheyenne, Wyoming. Venue is proper in the District of Wyoming, the district in which the offense was committed. While the defendant may have preferred a location somewhere in Big Horn County, he did not properly request a change in the manner advised by the Magistrate Judge. He does not get to pick and choose where he will be tried. A jury was properly selected pursuant to the Jury Plan adopted in this district. Defendant's unfounded complaints about the composition of the jury and the place where

6

his trial was held fail and do not provide any basis for granting the relief he now requests.

Of much more significance to this Court, the defendant is not, and never was, entitled to any instruction to the jury advising them of a "right" to jury nullification. To the contrary, the jury is instructed that it must follow the Court's instructions even if they may disagree with the law as instructed. The jury cannot disregard the law; jurors take an oath to apply the law as instructed in reaching its verdict. Juror nullification is a practice where by a juror deliberates and votes in purposeful disregard of the evidence and defying the Court's instructions on the law. There is no question that a defendant is not entitled to an instruction approving such a practice. Jurors have no right to nullify. *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1997). See also *United States v. Sealander*, 91 F.3d 160 (Table), Text at 1996 WL 408368, *23 (10th Cir. 1996):

> Neither a judge nor a party can encourage a jury to disregard the law. See *United States v. Grismore*, 546 F.2d 844, 849 (10th Cir. 1976) (holding that a criminal defendant is not entitled to have the jury instructed that they could disregard the law); *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983)(holding that defense counsel may not argue jury nullification during closing argument).

For the foregoing reasons, the Court rejects the defendant's arguments and will deny his motion in its entirety. Accordingly, it is hereby

7

**ORDERED** that the defendant's "Motion for Mistrial" shall be, and is,

**DENIED.**

Dated this ___20___ day of November 2013.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE