Kerry J. Jacobson
Assistant United States Attorney
District of Wyoming
P. O. Box 449
Lander, WY   82520
(307) 332-8195
Fax: (307) 332-7104

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CR-126-J |
| | ) |
| **STANLEY JONES,** | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' RESPONSE TO DEFENDANT'S
## MOTION FOR STAY OF SENTENCE

COMES NOW the United States, by and through its attorney, Kerry J. Jacobson, Assistant United States Attorney for the District of Wyoming, and respectfully opposes Defendant Stanley Jones' Motion for Stay of Sentence.  The United States would propose, as an alternative, that the Court instead grant the Defendant an extension of time in which to complete the court ordered terms and conditions ordered on December 2, 2013.  The government states the following in support of this recommendation:

### *Background*

The Defendant was convicted following a trial by jury with one count of Unlawful Use of Public Lands, in violation of 43 C.F.R. § 2920.1-2(a) and (e); and two counts of Allowing Livestock to Graze Without a Permit, in violation of 43 C.F.R. § 4140.1(b)(1)(I).  The Defendant's case is currently on appeal proceedings before the Tenth Circuit.  As to all counts, the Defendant was placed on probation for a term of 2 years to be served concurrently, and ordered by the court to comply with the following conditions:

> The defendant shall cooperate with the Bureau of Land Management and remove his personal property from federal lands, within six months of sentencing.  Failure to complete the clean-up and removal efforts may result in revocation of his supervised probation.  Failure to remove property within six months will also be deemed to result in the defendant disavowing the ownership of his property and allow BLM to remove it.

> The defendant shall pay a fine of $3000, contingent upon his cooperation with the BLM to remove his personal property from federal lands.

> The defendant shall cooperate with the BLM to complete and/or repair any sections of fence to dis-allow the free roaming/grazing by his cows on federal lands.

The Defendant was required to have completed the above terms and conditions by June 2, 2014.  Prior to that date, the Defendant met with BLM personnel and a plan was developed to bring him into compliance with his court order.  However, as of May 30, 2014, the Defendant's personal property still remained on public lands administered by the Bureau of Land Management.  The current status of the required fencing has not yet been verified by the BLM.

In the Defendant's Motion for Stay of Sentence, the Defendant represented that medical issues have prevented him from complying with the above court ordered terms and conditions.

For this reason, the Defendant has requested that his sentence be "stayed" until the Tenth Circuit Court of Appeals has rendered a decision in his appeal.

The district court has the authority to grant a stay of a sentence of probation pursuant to Rule 38(d), F.R.Cr.P.  However, the United States would object to a stay of probation for the reason that, in this particular instance, requiring the Defendant to complete his court ordered terms and conditions would not be an injustice or undue hardship.  Due to the nature of the case, the Tenth Circuit's decision will not render the terms and conditions ordered in the Defendant's Judgment unfair or unnecessary.  The Defendant's completion of the terms and conditions would serve to bring the Defendant into compliance with existing law, for example, the district court ordered the Defendant to remove his personal property from public lands.  Evidence at trial indicated that the Defendant claimed ownership of at least a portion of the property which is currently on public BLM land.  Even if the Defendant prevails in his appeal, the items he claims as his would still be located on public lands and would need to be removed, with the remaining items to be removed by the BLM.  Similarly, the district court ordered the Defendant to construct fences which will have the effect of keeping his cattle off of public lands.  Should the Defendant prevail on appeal, his cattle will still need to be prevented from grazing on public lands, via fencing.  Therefore, no injustice would be done by requiring the Defendant to complete his court ordered terms and conditions prior to a decision on his pending appeal.

However, the government understands the Defendant suffered an injury in January, 2014, which has rendered him unable to complete the terms and conditions set forth in the Judgment prior to the June 2, 2014, deadline.  The undersigned is also aware that it has been a wet spring in many parts of Wyoming, which would have made completion of the terms and conditions difficult, if not impossible.  The United States has spoken with the Defendant's supervising United States

Probation Officer, who does not object to a recommendation by the government to grant the Defendant 60 (sixty) additional days for the Defendant to comply with the terms of the judgment.

### *Conclusion*

Therefore, the United States respectfully requests the district court DENY the Defendant's motion to stay his sentence pending the outcome of his appeal, and recommends this Court GRANT the Defendant an additional sixty (60) days in which to complete the terms and conditions in the Judgment for the reasons set forth above.

DATED this 5th day of June, 2014.

Respectfully submitted,

CHRISTOPHER A. CROFTS
United States Attorney


By:   */s/ Kerry J. Jacobson*
KERRY J. JACOBSON
Assistant United States Attorney

4

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2014, I served a copy of the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR STAY OF SENTENCE** upon the following by depositing same, postage prepaid, in the United States Mails addressed to:

Mr. Stanley Jones
135 Main Street
Otto, Wyoming 82434

                                                 */s/ Kerry J. Jacobson*
                                                 KERRY J. JACOBSON
                                                 Assistant United States Attorney